UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NORMAN DAVID SCHOENFELD

                Plaintiff,

-against-

ALLEN & OVERY, L.L.P.,

                Defendant.

07 CV 11431 (HB) (RLE)

ECF CASE

**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

---

Defendant Allen & Overy LLP ("Defendant" or "Allen & Overy"), by and through its attorneys, Jackson Lewis LLP, for its Answer to the Complaint of Plaintiff Norman David Schoenfeld ("Plaintiff"), hereby states as follows:

### AS TO THE ALLEGED "NATURE OF THE ACTION"

1. Defendant denies each and every allegation contained in Paragraph "1" of Plaintiff's Complaint, except admits that Plaintiff purports to allege violations of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"); the New York State Human Rights Law, Executive Law § 296 et seq. (the "Human Rights Law"); and the Administrative Code of the City of New York § 8-101 et seq. (the "City Law").

2. Defendant denies each and every allegation contained in Paragraph "2" of Plaintiff's Complaint, except admits that Plaintiff purports to seek injunctive and declaratory relief, damages, and other legal and equitable relief pursuant to Section 1981, the Human Rights Law, and the City Law, and avers that no cause of action is asserted in the Complaint under the "Labor Law."

## AS TO JURISDICTION AND VENUE

3. Defendant denies each and every allegation contained in Paragraph "3" of Plaintiff's Complaint, except admits that Plaintiff purports to allege that this Court has jurisdiction over Plaintiff's Section 1981 claim under 28 U.S.C. §§ 1331, 1343(a)(3) and (4).

4. Defendant denies each and every allegation contained in Paragraph "4" of Plaintiff's Complaint, except admits that Plaintiff purports to allege that this Court has supplemental jurisdiction over Plaintiff's Human Rights Law and City Law claims pursuant to 28 U.S.C. § 1367, and avers that no cause of action is asserted in the Complaint under the "Labor Law."

5. Defendant denies each and every allegation contained in Paragraph "5" of Plaintiff's Complaint, except admits that Plaintiff purports to allege that the matter in controversy exceeds the sum of $75,000.

6. Defendant denies each and every allegation contained in Paragraph "6" of Plaintiff's Complaint, except admits that Plaintiff purports to allege that venue is proper in this District pursuant to 29 U.S.C. § 626(c) and 28 U.S.C. § 1391 because the alleged practices of which Plaintiff complains occurred within the Southern District of New York.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "7" of Plaintiff's Complaint.

## AS TO THE "PARTIES"

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "8" of Plaintiff's Complaint, except to admit

that on August 20, 2007 Plaintiff commenced his employment with Defendant and on October 29, 2007 Defendant provided him notice regarding the termination of his employment.

9. Defendant denies each and every allegation contained in Paragraph "9" of Plaintiff's Complaint, except admits that Defendant regularly does business in New York, and avers that Allen & Overy is a limited liability partnership registered in England and Wales and is duly authorized to do business in the State of New York.

## AS TO THE "FACTUAL ALLEGATIONS"
### As to the Purported "Background"

10. Defendant admits, upon information and belief, that Plaintiff graduated from Brooklyn Law School in 1999.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "11" of Plaintiff's Complaint, except admits, upon information and belief, that Plaintiff worked at Andrews Kurth LLP ("Andrews Kurth") at various times prior to his employment with Defendant.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "12" of Plaintiff's Complaint, except avers upon information and belief that Plaintiff left Andrews Kurth in 2006 to pursue an opportunity at another New York law firm ("NYC Firm").

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "13" of Plaintiff's Complaint, except avers that Plaintiff submitted a resume to Defendant that did not include the period that he had worked at

the NYC Firm, and that Plaintiff misrepresented on the resume that he submitted to Defendant that he worked at Andrews Kurth from "2005 – present."

14. Defendant denies each and every allegation contained in Paragraph "14" of Plaintiff's Complaint, except admits upon information and belief that in or about June 2007, Plaintiff sought a position with the law firm known at that time as Mayer, Brown, Rowe & Maw LLP ("Mayer Brown") and interviewed with several Mayer Brown attorneys, including the individual named in Paragraph "14" of the Complaint, who was then a partner at Mayer Brown. Defendant further admits upon information and belief that Plaintiff was subsequently offered a position at Mayer Brown and that he contacted the individual named in Paragraph "14" of the Complaint after receiving the offer.

15. Defendant denies each and every allegation contained in Paragraph "15" of Plaintiff's Complaint, except admits that in August 2007, the individual named in Paragraph "15" of the Complaint accepted an offer to become a partner at Allen & Overy and subsequently contacted Plaintiff regarding potential employment with Allen & Overy.

16. Defendant denies each and every allegation contained in Paragraph "16" of Plaintiff's Complaint, except admits that Plaintiff submitted his resume and transcript to Allen & Overy, that Plaintiff interviewed with two partners at Allen & Overy on or about July 25, 2007, and that Allen & Overy sent Plaintiff an employment offer letter.

17. Defendant denies each and every allegation contained in Paragraph "17" of Plaintiff's Complaint, except refers the Court to the offer letter referenced in Paragraph "17" of Plaintiff's Complaint for the true and complete content therein.

4

18. Defendant denies each and every allegation contained in Paragraph "18" of Plaintiff's Complaint.

19. Defendant denies each and every allegation contained in Paragraph "19" of Plaintiff's Complaint, except admits that the individual named in Paragraph "19" of the Complaint was aware that Plaintiff observed the Sabbath. Defendant avers that at all times relevant hereto Defendant did not prevent Plaintiff from observing the Sabbath.

20. Defendant denies each and every allegation contained in Paragraph "20" of Plaintiff's Complaint.

21. Defendant denies each and every allegation contained in Paragraph "21" of Plaintiff's Complaint.

22. Defendant denies each and every allegation contained in Paragraph "22" of Plaintiff's Complaint, and avers that at times relevant hereto Plaintiff failed to take adequate responsibility for completing work product.

23. Defendant denies each and every allegation contained in Paragraph "23" of Plaintiff's Complaint, except admits that Plaintiff was absent from work on several days in September 2007 and that he informed attorneys he was working with that he planned to be absent for several days during that month.

24. Defendant denies each and every allegation contained in Paragraph "24" of Plaintiff's Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation and/or legal conclusion regarding whether Plaintiff's Sabbath

observance or absences for religious holidays "substantially interfered" with his ability to perform his job.

25. Defendant denies each and every allegation contained in Paragraph "25" of Plaintiff's Complaint, except admits that an associate began working at Allen & Overy on the same day as Plaintiff.

26. Defendant denies each and every allegation contained in Paragraph "26" of Plaintiff's Complaint, except admits that an appropriate person to whom Plaintiff could complain of discrimination was Allen & Overy Managing Partner Ian Shrank. Defendant also denies knowledge or information sufficient to form a belief as to whether or when Plaintiff consulted Defendant's employee handbook.

27. Defendant denies each and every allegation contained in Paragraph "27" of Plaintiff's Complaint, except admits that on Wednesday, October 24, 2007, Mr. Shrank met with Plaintiff.

28. Defendant denies each and every allegation contained in Paragraph "28" of Plaintiff's Complaint, and avers that Mr. Shrank conveyed to Plaintiff that several partners had complained about Plaintiff's unsatisfactory job performance.

29. Defendant denies each and every allegation contained in Paragraph "29" of Plaintiff's Complaint.

30. Defendant denies each and every allegation contained in Paragraph "30" of Plaintiff's Complaint.

31. Defendant denies each and every allegation contained in Paragraph "31" of Plaintiff's Complaint, except admits that on Monday, October 29, 2007, Mr. Shrank informed Plaintiff that his employment was terminated.

## AS TO THE FIRST CAUSE OF ACTION

### Alleging "Discrimination Under Section 1981"

32. Defendant repeats and realleges its answers and denials to Paragraphs "1" to "31" of Plaintiff's Complaint, inclusive, as if fully set forth in answer to Paragraph "32" herein.

33. Defendant denies each and every allegation contained in Paragraph "33" of Plaintiff's Complaint.

34. Defendant denies each and every allegation contained in Paragraph "34" of Plaintiff's Complaint.

35. Defendant denies each and every allegation contained in Paragraph "35" of Plaintiff's Complaint.

## AS TO THE SECOND CAUSE OF ACTION

### Alleging "Retaliation Under Section 1981"

36. Defendant repeats and realleges its answers and denials to Paragraphs "1" to "35" of Plaintiff's Complaint, inclusive, as if fully set forth in answer to Paragraph "36" herein.

37. Defendant denies each and every allegation contained in Paragraph "37" of Plaintiff's Complaint.

38. Defendant denies each and every allegation contained in Paragraph "38" of Plaintiff's Complaint.

39. Defendant denies each and every allegation contained in Paragraph "39" of Plaintiff's Complaint.

## AS TO THE THIRD CAUSE OF ACTION
### Alleging "Discrimination Under the Human Rights Law"

40. Defendant repeats and realleges its answers and denials to Paragraphs "1" to "39" of Plaintiff's Complaint, inclusive, as if fully set forth in answer to Paragraph "40" herein.

41. Defendant denies each and every allegation contained in Paragraph "41" of Plaintiff's Complaint.

42. Defendant denies each and every allegation contained in Paragraph "42" of Plaintiff's Complaint.

## AS TO THE FOURTH CAUSE OF ACTION
### Alleging "Retaliation Under the Human Rights Law"

43. Defendant repeats and realleges its answers and denials to Paragraphs "1" to "42" of Plaintiff's Complaint, inclusive, as if fully set forth in answer to Paragraph "43" herein.

44. Defendant denies each and every allegation contained in Paragraph "44" of Plaintiff's Complaint.

45. Defendant denies each and every allegation contained in Paragraph "45" of Plaintiff's Complaint.

## AS TO THE FIFTH CAUSE OF ACTION
### Alleging "Discrimination Under City Law"

46. Defendant repeats and realleges its answers and denials to Paragraphs "1" to "45" of Plaintiff's Complaint, inclusive, as if fully set forth in answer to Paragraph "46" herein.

47. Defendant denies each and every allegation contained in Paragraph "47" of Plaintiff's Complaint.

48. Defendant denies each and every allegation contained in Paragraph "48" of Plaintiff's Complaint.

49. Defendant denies each and every allegation contained in Paragraph "49" of Plaintiff's Complaint.

## AS TO THE SIXTH CAUSE OF ACTION
### Alleging "Retaliation Under City Law"

50. Defendant repeats and realleges its answers and denials to Paragraphs "1" to "49" of Plaintiff's Complaint, inclusive, as if fully set forth in answer to Paragraph "50" herein.

51. Defendant denies each and every allegation contained in Paragraph "51" of Plaintiff's Complaint.

52. Defendant denies each and every allegation contained in Paragraph "52" of Plaintiff's Complaint.

53. Defendant denies each and every allegation contained in Paragraph "53" of Plaintiff's Complaint.

### AS TO THE "PRAYER FOR RELIEF"

Defendant respectfully requests that that the Court deny each and every aspect of the "Prayer For Relief" as set forth in subparagraphs "(a)" through "(k)" therein, including but not limited to those aspects which relate to the "Labor Law," as no cause of action under that law is asserted in the Complaint.

### AFFIRMATIVE DEFENSES AND OTHER DEFENSES

Defendant asserts the following affirmative defenses without assuming any burden of production or proof that it would not otherwise have:

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

54.     Plaintiff's Complaint fails to state a claim upon which relief can be granted or for which the relief or recovery sought can be awarded.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

55.     Plaintiff's claims are barred, in whole or in part, by equitable principles, including but not limited to, waiver, estoppel, and/or the unclean hands doctrine.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

56.     Plaintiff's claims are barred, in whole or part, by the after-acquired evidence doctrine.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

57.     Plaintiff's claims are barred, in whole or part, by the undue hardship defense.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

58.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate his alleged damages by using diligence to seek and obtain comparable employment elsewhere.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

59. Plaintiff's claims for punitive damages are barred, in whole or in part, because such damages are not available for some or all of the claims alleged and/or because Defendant had policies against discrimination and retaliation and made good faith efforts to enforce them.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

60. At all relevant times, Defendant acted reasonably and in good faith and has not violated any rights that may be secured to Plaintiff under federal, state or local laws, rules, regulations, codes or guidelines.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

61. At all relevant times, Defendant's actions with respect to Plaintiff were based on legitimate, non-discriminatory and/or non-retaliatory business reasons.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

62. Defendant reserves the right to raise additional affirmative defenses as discovery may reveal.

**WHEREFORE**, having fully answered the Complaint and having raised affirmative defenses thereto, Defendant respectfully requests that the Court:

1. Dismiss Plaintiff's Complaint in its entirety with prejudice;

2. Deny each and every demand, claim and prayer for relief contained in Plaintiff's Complaint.

3. Award Defendant reasonable attorneys' fees and costs incurred in defending against this meritless and vexatious action; and

4. Grant such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        JACKSON LEWIS LLP
        59 Maiden Lane
        New York, New York 10038-4502
        (212) 545-4000

By: _____
        Todd H. Girshon (TG 7947)
        Ravindra K. Shaw (RS 1944)

        ATTORNEYS FOR DEFENDANT

Dated: February 8, 2008
      New York, New York

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2008, a copy of the foregoing Defendant's ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_____
Ravindra K. Shaw, Esq.